UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-10040-CR-MARTINEZ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

NARVE CARMONA ACANDA,         <u>CORRECTED[1] REPORT AND RECOMMENDATION</u>

       Defendant.
_____/

On or about August 30, 2010, court-appointed defense counsel Orlando do Campo ("Counsel") submitted a voucher application numbered FLS 08 1479 with appended time sheets requesting $23,988.10 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also filed a Sealed *Ex Parte* Motion For Funds Exceeding CJA Statutory Limit **[DE # 121]** (the "Sealed Motion") in support of his voucher application.

After initially reviewing the voucher application, I requested a more detailed explanation regarding some of the entries listed in the voucher. To that end, Counsel supplemented his time sheets on October 29, 2010 providing additional information concerning the nature of Counsel's representation of Defendant Narve Carmona Acanda ("Defendant") in this case. Counsel represented Defendant for one year and seven months

---

[1] This Report and Recommendation corrects the original Report and Recommendation entered by the undersigned in this matter. The only difference between the two reports is the total amount recommended to be paid to Counsel. In the original report, I recommended that Counsel be paid a total of $23,079.98. That total was incorrect. The corrected total that I recommend be paid to Counsel is $23,069.98, a difference of $10.00.

from his appointment on November 10, 2008 until June 22, 2010.

Counsel seeks $23,988.10, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, Court approval is required. Consequently, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 122]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed

the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Extended

Under the Guidelines, in order to be compensated in an amount exceeding the statutory maximum, I must first find that the representation was either complex or extended. This case was extended for several reasons.

The grand jury returned the original Indictment in this matter on May 30, 2008. **[See DE # 1]**. Defendant was arrested on November 9, 2008. Defendant "and his codefendant were intercepted by the Coast Guard approximately 30 miles off the coast of Cuba carrying 28 Cuban migrants." (Sealed Motion at 1).

The original Indictment contained twenty-nine counts. In Count I, the government alleged that Defendant and one codefendant were involved in a conspiracy to encourage and induce aliens to illegally enter the United States. **[DE # 1]**. In Count II through XIX, the government charged the defendants with twenty-eight counts of knowingly encouraging aliens to illegally enter the United States. **[DE # 1]**. Defendant faced a sentence of ten

years imprisonment for Count I, and a term of five years imprisonment for each of the Counts II - XIX.

Before the matter proceeded to trial, Defendant was charged with violating the conditions of his bond. **[See DE # 45]**. Counsel represented Defendant at both an initial appearance and bond hearing with respect to this charge. A few days after this hearing, trial on the original charges began. "The trial lasted one week and ended with the government dismissing two counts and a hung jury as to the remaining counts." (Sealed Motion at 1-2). Judge Martinez declared a mistrial. **[See DE # 65]**.

A re-trial was scheduled for August 17, 2009. Before the re-trial, the grand jury returned a Superseding Indictment **[DE # 72]**. Defendant entered a plea of not guilty to the charges in the Superseding Indictment. On the eve of trial, however, Defendant entered a plea of guilty to Counts I and II of the Superseding Indictment. **[See DE # 89]**. Defendant was sentenced on November 18, 2009 more than one year after his initial arrest. Defendant was sentenced to thirty (30) months in prison. **[See DE # 106]**. "After his sentencing, [Defendant] was debriefed several times by the government and provided substantial assistance in securing a guilty plea from his codefendant, and other pending matters." (Sealed Motion at 2).

Counsel's involvement in this case required more time for processing than the average case, involving one trial and lasting more than one year. As a result, the representation of Defendant in this case is properly considered extended. I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel documented a total of 41.4 in-court hours for a total of $4,539.00. After verifying the in-court hours, the CJA administrator made no changes to the number of or the total amount sought for in-court hours.

The CJA administrator also reviewed the $15,925.50 Counsel billed for out-of-court hours. The CJA administrator allocated the out-of-court hours documented in the voucher as follows: 84.2 hours for "Interviews and conferences" and 34.5 hours for "Obtaining and reviewing records". Counsel also sought compensation for 8.5 hours for "Legal research and brief writing" and 18.5 hours of "Travel time." Counsel further sought $902.60 in "Travel Expenses" and $2,621.00 in "Other Expenses."

The CJA administrator slightly reduced the total amount sought by Counsel for out-of-court hours to $15,814.50 (from $15,925.50). The CJA administrator then increased the total Counsel sought for "Travel Expenses" to $2,717.49 (from $902.60). The CJA administrator next decreased the total amount sought by Counsel for "Other Expenses" to $248.99 (from $2,621.00). After making the above described adjustments, the CJA administrator concluded that the total amount sought by Counsel decreased slightly to $23,319.98 (from $23,988.10), including $15,814.50 out-of-court hours.

### In-Court Hours[2]

Counsel seeks a total of $4,539.00 for 41.4 in-court hours. The CJA Administrator made no correction to these numbers. I approve the total amount of $4,539.00 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel seeks $15,925.50 for 145.7 out-of-court hours. The CJA administrator reviewed the voucher and reduced the total amount Counsel sought for out-of-court hours slightly to $15,814.50.

Although the majority of Counsel's time entries are appropriate, Counsel included some entries that are not appropriate. I requested more information about these entries. In an effort to better explain the questionable entries, Counsel filed supplemental time sheets in this matter. A few of the troublesome entries remain, however, which I recommend be eliminated:

| | |
|---|---|
| 11/12/08 | Telephone conference with defendant's family regarding bond (0.3); telephone conference with witnesses regarding bond (0.2) |
| 11/13/08 | Conference with witnesses regarding bond (0.1.); conference with bondsman regarding bond (0.1) |
| 11/14/08 | Telephone conference with witnesses regarding bond (0.1); conference with bondsman regarding bond and conference with client regarding meeting (reduced to 0.1); assist witnesses and bondsman with bond issues (0.7) |

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provide that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." These entries are not compensable because it is time spent by Counsel dealing with issues related to the family's efforts to secure a bond rather than time which contributed to Defendant's defense. Although commendable, such "hand holding" is not compensable under the CJA. Accordingly, Counsel should not be compensated for these entries.

Counsel also included another troubling entry:

> 12/3/08    Review docket; calculate due date of
>            standing discovery order (0.1)

I recommend that this entry be eliminated because this entry reflects a clerical duty that is not an appropriate use of billable time. The Guidelines make clear that "telephone service, and secretarial expenses associated with CJA representation, whether work is performed by counsel or other personnel, are not reimbursable." The Supplemental Instructions provided by the Court reinforces the Guidelines: "Clerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should not be compensated for the above quoted entry.

Lastly, Counsel also included another entry that is not sufficiently detailed to comport with the requirements of the Supplemental Instructions:

      8/11/09      Conference with witness (0.4);
                         telephone conference with AUSA (0.2);
                         telephone conference with Key West Marshals (0.2)

The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conferences, Counsel failed to explain the reason for the duration of these telephone conferences. Consequently, I recommend that these entries be eliminated.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $15,564.50 for his out-of-court time.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro

bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $15,564.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $902.60 in "Travel Expenses" and $2,621.00 in "Other Expenses." The CJA administrator increased the amount of "Travel Expenses" to $2,717.49 and decreased the amount of "Other Expenses" to $248.99. I approve the CJA administrator's changes and approve these amounts.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith*, 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making these recommendations for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was extended, I find that it is appropriate that reimbursement be allowed in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the Letter of Explanation submitted by Counsel, the revised time sheets, the docket and the filings in this case, I RECOMMEND that Counsel be paid $23,069.98 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this ___ day of November, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    Orlando do Campo, Esq.
    Lucy Lara, CJA administrator